OPINION
{¶ 1} Defendant-appellant Spencer Wells, acting pro se, appeals from the denial of his petition for post-conviction relief. He contends that the trial court erred by failing to conduct a hearing on his petition, and by denying the petition. *Page 2 
 {¶ 2} We conclude that Wells failed to present facts sufficient to establish substantive grounds for relief. Therefore, we conclude that the trial court did not err in failing to conduct a hearing or in denying the petition. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} In August 2006, Wells was charged by indictment with four counts involving the possession of cocaine, and one count of Possession of Criminal Tools. The first count charged Wells with Possession of Crack Cocaine in an amount equaling or exceeding 10 grams, but less than 25 grams. The second count charged Wells with Possession of Cocaine (not crack cocaine) in an amount equaling or exceeding 25 grams, but less than 100 grams. The third count charged Wells with Possession of Crack Cocaine in an amount equaling or exceeding 100 grams. This count included a major drug offender specification. The fourth count charged Wells with Possession of Cocaine (not crack cocaine) in an amount equaling or exceeding 5 grams, but less than 25 grams. The fifth count charged Wells with Possession of Criminal Tools.
 {¶ 4} Following the entry of a plea of not guilty, Wells filed a motion to suppress evidence, contending that evidence was obtained as a result of an unlawful search and seizure. Before a hearing was conducted on the motion, Wells entered into a plea agreement pursuant to which he entered a guilty plea to one count of Possession of Cocaine (over 100 grams) in exchange for the dismissal of the other charges. The trial court sentenced Wells to a prison term of ten years. Thereafter, Wells filed an appeal in this court in which he argued that trial counsel was ineffective due to the fact that counsel advised him to enter a guilty plea. This court rejected Wells's argument, and *Page 3 
affirmed the judgment of the trial court. State v. Wells, Montgomery App. 22046, 2008-Ohio-1153. Wells filed an appeal from this court's decision with the Ohio Supreme Court, which denied review. State v.Wells, 119 Ohio St. 3d 1412, 2008-Ohio-3880.
 {¶ 5} During the pendency of his appeals, Wells filed a petition for post-conviction relief in the trial court. In his petition, Wells asserts that his guilty plea was unconstitutional because of trial counsel's ineffective representation. Specifically, as in his prior appeal, Wells claimed that counsel did not render effective representation, because counsel advised him to enter into a plea agreement rather than pursuing the motion to suppress. He also argued that because he relied on counsel's advice, his plea was not made knowingly and voluntarily. Finally, his petition argued that the motion to suppress should have been granted.
 {¶ 6} The trial court denied the petition without hearing. In doing so, the trial court determined that Wells's claims were barred by the doctrine of res judicata. The trial court also found that the evidence submitted by Wells in support of his motion did not "establish substantive grounds for relief."
 {¶ 7} From the trial court's denial of his petition, Wells appeals.
 II {¶ 8} Wells's sole assignment of error states as follows:
 {¶ 9} "THE TRIAL COURT ABUSED ITS JUDICIAL DISCRETION IN DISMISSING APPELLANT'S POSTCONVICTION RELIEF PETITION PER OHIO REVISED CODE, SECTION 2953.21."
 {¶ 10} Wells contends that the trial court erred by denying his petition for post-conviction *Page 4 
relief.
 {¶ 11} Petitions for post-conviction relief are governed by R.C. 2953.21 et seq. The post-conviction relief process is a civil collateral attack on a criminal judgment. State v. Calhoun (1999),86 Ohio St.3d 279, 281. In order to merit an evidentiary hearing on a petition for post-conviction relief, a defendant bears the burden of providing evidence to demonstrate a cognizable claim of constitutional error. R.C. 2953.21(C). A trial court may deny a petition for post-conviction relief without conducting an evidentiary hearing if the petition, supporting evidence and the record fail to demonstrate facts sufficient to establish substantive grounds for relief. State v. Calhoun (1999),86 Ohio St.3d 279, 281, paragraph two of the syllabus.
 {¶ 12} In this case, Wells contends that his petition should have been granted because it proves that counsel was ineffective for advising him to enter a guilty plea despite Wells's belief that he would have prevailed on the motion to suppress. He further contends that because of trial counsel's advice, Wells's plea was not made intelligently, knowingly or voluntarily.
 {¶ 13} A defendant alleging ineffective assistance of counsel must demonstrate that defense counsel's performance was deficient, and that the deficiency was so prejudicial as to deny the defendant of a fair trial. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "Judicial scrutiny of counsel's performance must be highly deferential * * * and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 142.
 {¶ 14} Wells attached numerous documents to his petition. First, he attached a *Page 5 
letter he received from his trial counsel, which indicates that Wells was offered a plea agreement prior to the hearing on the motion to suppress. The letter further indicates that Wells and his attorney had discussed the option of pursuing the motion to suppress as opposed to entering a plea. The letter goes on to note that Wells made the decision to accept the plea agreement offered by the State.
 {¶ 15} Wells also attached his own affidavit, in which he avers that counsel did not inform him that the actions of the arresting officers were illegal and that the evidence seized during the arrest was not admissible at trial. However, his affidavit also avers that he met with counsel "on multiple occasions throughout these proceedings" to discuss "relative case law" concerning the motion to suppress. Wells indicates that the case law was not helpful to his case. Although it is not clear from his affidavit, it appears that Wells believes that the case law he reviewed with counsel incorrectly applied the law. Finally, there is an averment in the affidavit in which Wells states that counsel "expressed that in his professional opinion given all the facts of the matter, that it would be in [Wells's] best interest to surpass the Motion to Suppress Hearing and plead guilty to the ten (10) year deal offered by the Prosecution."
 {¶ 16} Wells also submitted affidavits from Nancy Anderson and Stacey Wells. These affidavits indicate that these individuals were with Wells when he met counsel at counsel's office. These affidavits merely corroborate the fact that the option of going forward with the suppression motion was weighed against the fact that some charges would be dropped as part of a plea agreement.
 {¶ 17} The petition also had the trial court's on-line docket statement attached as *Page 6 
well as a copy of a police report narrative of the detention and arrest. We have reviewed the narrative and conclude that it does not support Wells's assertion that the motion to suppress would have been granted. To the contrary, the report indicates that the officers involved in Wells's arrest observed activity which, based upon their experience, indicated that Wells was involved in a drug transaction. The narrative indicates that the officers initiated a stop of Wells, and numerous other individuals, during which they observed one of the individuals holding a plastic bag of marijuana. The report goes on to state that the officers decided to conduct a pat-down of the group in order to ensure their own safety. According to the police report, the pat-down of Wells resulted in his arrest for possession due to the discovery of narcotics on his person.
 {¶ 18} Wells has not provided us with any evidence to indicate that counsel's representation was deficient. The evidence before us indicates that Wells met with counsel on several occasions to discuss his case, and that he was apprised of the law pertaining to the motion to suppress as well as counsel's opinion that the motion might be denied. There is nothing in the record to indicate that counsel coerced Wells's plea or that he gave Wells incorrect information. Indeed, from the evidence presented by Wells, it appears that the decision whether to pursue the motion to suppress or to enter the plea was left to Wells following a full discussion of each option.
 {¶ 19} We cannot say that Wells entered his plea involuntarily or unknowingly. A review of the plea hearing demonstrates that the proper steps were taken to ensure that Wells was aware of his rights. Furthermore, as stated above, the evidence before us indicates that Wells was fully aware of his available options, and that when faced with *Page 7 
the options, Wells made a knowing and voluntary decision to enter into a plea agreement. At the plea hearing, Wells indicated that he understood the rights he was waiving by entering a guilty plea, and he stated that he was satisfied with counsel's representation. It should be noted that in exchange for his plea, the State dismissed four other charges.
 {¶ 20} Finally, we cannot conclude from the evidence before us that Wells' motion to suppress would have been successful. From the evidence before us, it appears that the police had a valid reason for stopping Wells, and that the pat-down search, which yielded drugs, was done solely for the safety of the officer involved in the stop.
 {¶ 21} Wells's sole assignment of error is overruled.
 III {¶ 22} Wells's sole assignment of error being overruled, the judgment of the trial court is Affirmed.
 GRADY, J., and DONOVAN, J., concur. *Page 1