[Cite as *State v. Boyle*, 2018-Ohio-3284.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-12 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-0042 |
| | : | |
| DAVID C. BOYLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2018.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

DAVID C. BOYLE, Inmate No. 687-887, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant David Boyle appeals from a judgment of the Greene County Court of Common Pleas denying his motion to dismiss an allegedly defective indictment. For the reasons set forth below, we affirm.

### I. Facts and Procedural History

{¶ 2} In 2013, Boyle was indicted on sixteen counts of rape involving his daughter. Following negotiations, he entered a plea of guilty to six counts of rape in exchange for the dismissal of the remaining counts.[1] No agreement was reached as to sentencing. The trial court sentenced Boyle to an aggregate prison term of 40 years and designated him a Tier III sex offender. The conviction and sentence were affirmed on appeal. *State v. Boyle*, 2d Dist. Greene No. 2013-CA-43, 2014-Ohio-1271.

{¶ 3} On June 24, 2018, Boyle filed a document entitled "Motion to Dismiss Defective Indictment," in which he argued that the indictment violated his constitutional right to due process because it contained numerous undifferentiated counts of rape. He claimed these "carbon-copy" counts failed to describe sufficiently the charges, thereby preventing him from properly preparing his defense. The State filed a memorandum in opposition. The trial court overruled the motion upon a finding that Boyle's guilty plea waived any error associated with the indictment and that his claims were barred by the doctrine of res judicata.

{¶ 4} Boyle appeals.

---

[1] One of the dismissed counts, if proven, would have required the imposition of a life sentence as it alleged that his daughter was less than thirteen years of age at the time of that offense.

## II. Analysis

**{¶ 5}** Boyle asserts the following three assignments of error, set forth verbatim:

THE COURTS HAD ERROR BY NOT EXCEPTING DEFENDANT-APPELLANTS MOTION ON ITS MERITS OF THE MULTIPLICITY, DUPLICITY, CONSTITUTION AND DOUBLE JEOPARDY RIGHTS.

THE COURTS HAS ERROR BY ABUSING OF DISCRETION STANDARD FOR FAILING TO ADDRESS THE DEFENDANT-APPELLANTS MOTION ON ITS MERITS, THUS, CREATING "MANIFEST OF JUSTICE."

THE COURTS HAD ERROR BY APPLING RES JUDICATA TO DEFENDANT-APPELLANTS MOTION, WHERE RES JUDICATA DOES NOT AND CAN NOT APPLY WHERE CONSTITUTIONAN RIGHTS, DUE PROCESS, AND DOUBLE JEOPARDY ISSUES ARE AT STAKE.

**{¶ 6}** Boyle's arguments, though convoluted, hinge upon his claim that the trial court erred by denying his motion to dismiss the indictment. In support, he claims that the indictment was defective because it contained multiple counts charging the same offense without any differentiation between the offenses. Thus, he claims that his right to due process was violated. Boyle also contends the trial court erred by determining that he had waived any claim of error regarding the indictment and by concluding that his claimed error was barred by res judicata.

**{¶ 7}** A "plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). By entering a guilty plea, a defendant "is not simply stating that he did the

discrete acts described in the indictment; he is admitting guilt of a substantive crime." *U.S. v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2nd Dist. 1991).

{¶ 8} In *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.3d 307, the Supreme Court held that a guilty plea waives the right to claim error arising from a defective indictment. *Id.* at ¶ 73. In that case, Barton alleged that the grand jury had failed to properly indict him for the offense of having a weapon while under a disability thereby rendering the indictment defective. *Id.* He argued that the defective indictment posed a jurisdictional defect which he could raise at any time. *Id.* at ¶ 69. The Supreme Court rejected this argument and stated that "Crim.R. 12(C)(2) mandates that '[d]efenses and objections based on defects in the indictment' must generally be raised '[p]rior to' trial, and we have previously held that 'failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved.' " *Id.* at ¶ 73, quoting *State v. Biros*, 78 Ohio St.3d 426, 436, 678 N.E.2d 891 (1997), citing *State v. Joseph*, 73 Ohio St.3d 450, 455, 653 N.E.2d 285 (1995). Likewise, the trial court, in this case, correctly found that Boyle's guilty plea waived his right to contest the defective indictment.

{¶ 9} Further, the question of whether an indictment is defective is a matter that is only capable of being raised on direct appeal. *State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827, ¶ 21. This court has held that the issue of the sufficiency of an indictment must be raised on direct appeal and cannot be addressed in a collateral attack. *State v. Howe*, 2d Dist. Montgomery No. 23423, 2010-Ohio-1621, ¶ 20; *accord State v. Walker*, 8th Dist. Cuyahoga No. 93749, 2010-Ohio-4008. Since Boyle failed to challenge the sufficiency of the indictment during the pendency of the trial court case or on direct

appeal, the issue is barred by res judicata. *Lowery* at ¶ 21, citing *State v. Tucker*, 2d Dist. Montgomery No. 23408, 2010–Ohio–2642, at ¶ 6.

{¶ 10} We conclude that the issue was waived by his guilty plea and that it is also barred by res judicata. Therefore, the trial court did not err or abuse its discretion in denying the motion to dismiss. Thus, Boyle's assignments of error are overruled.

## III. Conclusion

{¶ 11} Boyle's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Nathaniel R. Luken
David C. Boyle
Hon. Stephen Wolaver