[Cite as *Backyard Rentals, L.L.C. v. Brooks*, 2020-Ohio-205.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

|  |  |  |
|---|---|---|
| BACKYARD RENTALS, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-48 |
| | : | |
| | : | Trial Court Case No. 2019-CV-174 |
| v. | : | |
| | : | (Civil Appeal from |
| TARA BROOKS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of January, 2020.

. . . . . . . . . . .

CHRISTOPHER M. HILL, Atty. Reg. No. 0074838, 641 Teton Trail, P.O. Box 817, Frankfort, Kentucky 40602
    Attorney for Plaintiff-Appellee

TARA BROOKS, 303 Ohio Street, Fairborn, Ohio 45324
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Tara Brooks appeals pro se from the trial court's entry of default judgment against her on a complaint by Backyard Rentals, LLC for unpaid rent and repossession of a lofted barn.

{¶ 2} Although her appellate brief lacks an assignment of error, Brooks contends the trial court improperly awarded Backyard Rentals repossession of a lofted barn she had acquired from the company through a rent-to-own program. In particular, she asserts that Backyard Rentals failed to "work with" her after she fell behind on her payments. She also maintains that Backyard Rentals' lawsuit was filed "out of nowhere" and that the company failed to communicate with her.

{¶ 3} With regard to the legal proceedings, Brooks states: "There were times that the appellant was not aware of any court hearings or even received notice. The case was agreed upon in July 2019. The appellant was not aware of the court hearing or the fact that the appellant could attend and represent herself. On July 8, 2019 an order [f]or possession was granted to the appellee. The appellant feels that this order was not granted in fair and proper matter." (Appellant's brief at 3.) In the remainder of her brief, Brooks objects to the manner in which Backyard Rentals repossessed the lofted barn after the trial court's entry of final judgment. She also argues that her notice of appeal, which apparently was filed before the repossession, should have stopped Backyard Rentals from taking the barn.

{¶ 4} The record reflects that Backyard Rentals filed its complaint on March 8, 2019 alleging that Brooks owed $5,771.34 in unpaid rent for the barn and related charges. (Doc. # 1.) The complaint also sought repossession of the barn or an additional $4,085.00 for its value. Accompanying the complaint was a copy of the parties' July 2013 "Rental

Purchase Agreement and Disclosure." On March 8, 2019, Backyard Rentals additionally filed a motion for order of possession of the barn with a supporting affidavit. (Doc. # 6.) Backyard Rentals filed that motion under R.C. 2737.03, which provides: "Any party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property."

{¶ 5} Four unsuccessful attempts were made to serve Brooks personally with a summons, a copy of the complaint, and the related documents. (Doc. # 11, 14.) Brooks also failed to claim certified-mail service. (Doc. # 19.) Therefore, service ultimately was made by ordinary mail on May 17, 2019. (Doc. # 21-24.) The ordinary mail service was made at the same address Brooks is using in this appeal. Among other things, the documents served on her included a notice of Backyard Rentals' application for an order of recovery of possession of the barn and a form for her to dispute the company's right to possession and to timely request a hearing. (*Id*.) The record does not contain any pleading or other response from Brooks.

{¶ 6} On July 8, 2019, the trial court sustained Backyard Rentals' unopposed motion for order of possession of the barn. (Doc. # 25.) The trial court found Backyard Rentals entitled to immediate possession of the barn upon the posting of a bond. Backyard Rentals subsequently posted the bond. (Doc. # 27.) According to the allegations in Brooks' appellate brief, the company did not succeed in obtaining possession at that time.

{¶ 7} In any event, Backyard Rentals then moved for default judgment on its complaint on July 15, 2019. (Doc. # 30.) The motion requested money damages of

$6,121.71 for unpaid rent and related charges. It also sought repossession of the barn. The motion was accompanied by an affidavit establishing what Brooks owed.

{¶ 8} The trial court entered default judgment against Brooks on August 2, 2019. (Doc. # 31.) The judgment entry awarded Backyard Rentals $6,121.71 plus interest and costs. It also awarded Backyard Rentals "immediate and final possession" of the lofted barn. Brooks filed a timely notice of appeal on August 13, 2019.

{¶ 9} On appeal, Brooks asserts that Backyard Rentals failed to "work with" her or communicate with her regarding her delinquency. She also alleges that she was unaware of court hearings and failed to receive notice of them. She further contends the trial court's July 8, 2018 order of possession of the barn in favor of Backyard Rentals was "not granted in fair and proper matter." Finally, she objects to the circumstances surrounding the company's repossession of the barn after the trial court's entry of final judgment on August 2, 2019. She argues that her notice of appeal should have stopped the repossession efforts.

{¶ 10} Upon review, we find Brooks' arguments to be unpersuasive. The only relevant issues are the trial court's July 8, 2019 order of possession of the barn and its August 2, 2019 entry of default judgment awarding Backyard Rentals $6,121.71 plus interest and costs as well as a right to "immediate and final possession" of the barn. The record does not reflect that the trial court held any hearings with regard to the order or the default judgment. As for the order, the record reflects that Brooks was served with a statutory notice that she had five business days to request a hearing on Backyard Rentals' motion for an order of possession of the barn. Brooks did not respond. Absent a request for a hearing from her, the trial court was entitled to grant the order of possession. *See*

R.C. 2737.04.

{¶ 11} With regard to the default judgment, which awarded Backyard Rentals damages and "final possession" of the barn, we note that default judgments are governed by Civ.R. 55, which provides in part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]" A trial court's decision to grant a default judgment is reviewed for an abuse of discretion. *Wright State Univ. v. Williams*, 2d Dist. Greene No. 2012 CA 37, 2012-Ohio-5095, ¶ 5. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} We see no abuse of discretion in the trial court's entry of a default judgment against Brooks. Under Civ.R. 12(A)(1), a defendant must answer a complaint within 28 days after service of the complaint and summons. Brooks was served by ordinary mail on May 17, 2019, and she never filed an answer or otherwise defended. Therefore, Backyard Rentals was entitled to move for a default judgment on July 15, 2019, and the trial court properly sustained the motion.

{¶ 13} Brooks' assertions about things that allegedly occurred in connection with repossession of the barn *after* the trial court's August 2, 2019 final judgment entry are not part of the appellate record and are not properly before us. Although we question whether Brooks could claim a reduction in the monetary judgment by the fair market value of the barn once it was repossessed, that matter was not before the trial court and is not before this court. We note too that Brooks did not obtain a stay of the trial court's judgment

pending appeal. Finally, we agree with Backyard Rentals that the "Statement of Facts" in Brooks' appellate brief contains some allegations that go outside the record. Although Backyard Rentals urges us to "strike" those allegations, we will allow them to remain part of the appellant's brief.

{¶ 14} Based on the reasoning set forth above, the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Christopher M. Hill
Tara Brooks
Hon. Michael A. Buckwalter