[Cite as *State v. Boyle*, 2022-Ohio-2165.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-42 |
| | : | |
| DAVID BOYLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of June, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385 45439
    Attorney for Plaintiff-Appellee

DAVID BOYLE, #A687-887, P.O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant David Boyle appeals from a judgment of the Greene County Court of Common Pleas, which overruled his "Motion for Fraud Upon the Court Pursuant to R.C. 2921.32(A)." Boyle filed a timely notice of appeal on January 18, 2022.

### Facts and Procedural History

**{¶ 2}** In 2013, Boyle was indicted on 16 counts of rape involving his daughter. Following negotiations, Boyle entered a plea of guilty to six counts of rape in exchange for the dismissal of the remaining counts. No agreement was reached as to sentencing. The trial court sentenced Boyle to an aggregate prison term of 40 years and designated him a Tier III sex offender. The conviction was affirmed on appeal. *State v. Boyle*, 2d Dist. Greene No. 2013-CA-43, 2014-Ohio-1271.

**{¶ 3}** On June 16, 2014, Boyle filed a pro se application to reopen his appeal pursuant to App.R. 26(B). We denied his application to reopen on September 29, 2014. Boyle filed three additional applications to reopen in 2016, 2020, and 2021, which were all denied by this Court.

**{¶ 4}** On June 24, 2018, Boyle filed a "Motion to Dismiss Defective Indictment," in which he argued that the indictment violated his constitutional right to due process because it contained numerous undifferentiated counts of rape. Boyle claimed these "carbon-copy" counts failed to describe sufficiently the charges, thereby preventing him from properly preparing his defense. The State filed a memorandum in opposition. The trial court overruled the motion, finding that Boyle's guilty plea waived any error associated with the indictment and that his claims were barred by the doctrine of res

judicata. Boyle appealed, and we affirmed the judgment of the trial court. *See State v. Boyle*, 2d Dist. Greene No. 2018-CA-12, 2018-Ohio-3284.

{¶ 5} On September 19, 2018, Boyle filed a "Petition for an Evidentiary Hearing," in which he alleged *Miranda* violations, speedy trial violations, insufficient evidence, and ineffective assistance of counsel. The trial court construed the motion as a petition for post-conviction relief and denied it as untimely on October 23, 2018.

{¶ 6} On November 2, 2021, Boyle filed a "Motion for Fraud Upon the Court Pursuant to R.C. 2921.32(A)." The State filed a memorandum in opposition on December 1, 2021. The trial court again construed the motion as a petition for post-conviction relief and denied it as untimely on January 6, 2022.

{¶ 7} It is from this judgment that Boyle now appeals.

{¶ 8} Because they are interrelated, all of Boyle's assignments of error will be discussed together:

FRAUD BY WAY THAT APPELLATE COUNSEL FAILED HIS DUTY BY STATING HE DID AN INDEPENDENT REVIEW OF THE APPELLANT'S ENTIRE RECORDS.

FRAUD UPON THE COURT FOR PROSECUTION CONTINUALLY DENIED APPELLANT'S MOTION APPLYING RES JUDICATA.

FRAUD UPON THE COURT FOR FAILING TO MERGE COUNTS.

FRAUD UPON THE COURT FOR FAILING TO COMPLY TO [SIC] CRIM.R. 11.

FRAUD UPON THE COURT WHEN TRIAL COUNSEL

PRESENTED A WAIVER OF PRELIMINARY HEARING SIGNED BY APPELLANT.

FRAUD UPON THE COURT FOR COUNSEL AND COURTS ALLOWING A SUPERINTENDENCE RULE TO BE USED BY DEFENSE COUNSEL.

FRAUD UPON THE COURT FOR FAILING TO COMPLY WITH CRIM.R. 7, AND FALSE INFORMATION WITHIN THE INDICTMENT.

FRAUD UPON THE COURT FOR UPHOLDING A CONVICTION AFTER A SPEEDY TRIAL VIOLATION.

**{¶ 9}** As previously stated, the trial court overruled Boyle's "Motion for Fraud Upon the Court Pursuant to R.C. 2921.32(A)" as an untimely petition for post-conviction relief. We have recognized that the "nature of a motion is not necessarily governed by its title." *State v. Housley*, 2d Dist. Miami No. 2019-CA-12, 2020-Ohio-1143, ¶ 15. "When a motion is filed subsequent to a direct appeal (or the expiration of time for filing a direct appeal), claims the denial of constitutional rights, seeks to render the judgment of conviction void, and asks for vacation of the judgment and sentence, the motion is properly construed as a petition for post-conviction relief." *Id.*, citing, *e.g., State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997); *State v. Cline*, 2d Dist. Champaign No. 2013-CA-51, 2014-Ohio-4503, ¶ 7.

**{¶ 10}** Here, Boyle's motion was filed after his direct appeal and claimed that constitutional errors rendered his conviction void. The motion contained all of the elements of a petition for post-conviction relief, and the trial court properly treated it as

such.

## Standard for Petitions for Post-Conviction Relief

{¶ 11} A petition for post-conviction relief "is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 14 (2d Dist.), quoting *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). A post-conviction proceeding is a "civil collateral attack on a criminal judgment," not an appeal from the criminal conviction. *State v. Wells*, 2d Dist. Montgomery No. 22389, 2008-Ohio-4932, ¶ 11, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 12} When a defendant has pursued a direct appeal of his or her conviction, as Boyle has, a petition for post-conviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely or successive petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012-CA-33, 2013-Ohio-1921, ¶ 16.

{¶ 13} The untimely filing of a petition for post-conviction relief may be excused with a showing that either (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court had recognized a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right. R.C.

2953.23(A)(1)(a). The petitioner also must show by clear and convincing evidence that, if not for the constitutional error from which he or she suffered, no reasonable factfinder would have found the petitioner guilty. R.C. 2953.23(A)(1)(b).

{¶ 14} We review a trial court's denial of a petition for post-conviction relief without a hearing for an abuse of discretion. *State v. Clemmons*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997, ¶ 18; *State v. Harden*, 2d Dist. Montgomery 23617, 2010-Ohio-3343, ¶ 10. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Turner*, 2d Dist. Montgomery No. 27350, 2017-Ohio-4101, ¶ 5, citing *State v. Jenkins*, 2d Dist. Montgomery No. 27173, 2017-Ohio-1073, ¶ 10.

{¶ 15} Boyle has failed to allege or assert *any* facts that would satisfy the two-prong test set forth in R.C. 2953.23(A)(1). Specifically, Boyle has failed to allege any facts which would establish that he was unavoidably prevented from discovering the facts upon which he relies to present his claims, and he does not assert that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation.

{¶ 16} In light of the foregoing, the trial court did not abuse its discretion in finding that Boyle's Motion for Fraud Upon the Court was both successive and untimely; it was filed over eight years after his original conviction. Furthermore, because the untimeliness of Boyle's motion was not excused under R.C. 2953.23(A), the trial court lacked jurisdiction to consider it and properly overruled it on that basis. *See State v. Taylor*, 2d Dist. Greene Nos. 2019-CA-77 and 2020-CA-6, 2021-Ohio-1670, ¶ 52; *see also State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, 889 N.E.2d

533, ¶ 6 (court had no duty to issue findings of fact and conclusions of law on successive or untimely petitions for post-conviction relief); *State v. Kilbarger*, 2d Dist. Montgomery No. 26284, 2015-Ohio-2177, ¶ 10 (because defendant's petition was untimely, the trial court did not err when it denied it without holding a hearing).

{¶ 17} Boyle's assignments of error are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Megan Hammond
David Boyle
Hon. Adolfo A. Tornichio