[Cite as *State v. Boyle*, 2025-Ohio-860.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2024-CA-59 |
| v. | : | Trial Court Case No. 2013 CR 0042 |
| DAVID C. BOYLE | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 14, 2025

. . . . . . . . . . .

DAVID C. BOYLE, Pro Se Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant David C. Boyle appeals from a judgment of the Greene County Court of Common Pleas, which granted the State's motion to strike his "Manifest Weight of the Evidence Motion" and "Motion for Change of Venue." For the reasons that follow, the judgment of the trial court will be reversed, and the case will be remanded for

further proceedings in accordance with this opinion.

## I. Facts and Procedural History

{¶ 2} In 2013, Boyle was indicted on 16 counts of rape involving his daughter. Prior to trial, he reached an agreement with the State under which he pled guilty to six counts of rape in exchange for the dismissal of the remaining counts. There was no agreement as to sentencing. The trial court accepted Boyle's guilty pleas, sentenced him to an aggregate prison term of 40 years, and designated him a Tier III sex offender. We affirmed on appeal. *State v. Boyle*, 2014-Ohio-1271 (2d Dist.).

{¶ 3} Since his conviction, Boyle has filed numerous motions with the trial court, and when unsuccessful, he has appealed. *See State v. Boyle*, 2018-Ohio-3284 (2d Dist.); *State v. Boyle*, 2022-Ohio-2165 (2d Dist.); *State v. Boyle*, 2023-Ohio-3390 (2d Dist.). On August 19, 2024, he filed two motions with the trial court which are the genesis of this appeal – a "Manifest Weight of the Evidence Motion" and a "Motion for Change of Venue." In response, the State filed a motion to strike, arguing that Boyle's motions were legal nullities and that, even if the court were to accept the motions as post-conviction relief petitions, they would be time-barred by R.C. 2953.21(A)(2). The trial court agreed with the State that the motions were legal nullities and struck them from the record.

{¶ 4} Boyle has appealed, raising two assignments of error.

## II. Post-Conviction Motions

{¶ 5} In his first and second assignments of error, Boyle argues that the trial court should not have granted the State's motion to strike, especially because it failed to address the merits of his claims. We agree.

{¶ 6} In August 2024, Boyle filed motions with the trial court, which were both irregular in some way: a "motion for change of venue" and a "manifest weight of the evidence motion." The motion dealing with venue was irregular given this case's procedural posture, as that motion should have been made in the trial court prior to trial, and the manifest weight of the evidence motion was irregular because it closely resembled an appellate assignment of error related to evidence presented at trial (although there was no trial in this case). However, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 2008-Ohio-545. In this case, the State believed Boyle's motions to be some sort of post-conviction relief petitions, and the trial court seemed to agree.

{¶ 7} A post-conviction relief petition "is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Clark*, 2017-Ohio-120, ¶ 14 (2d Dist.). A post-conviction proceeding is a civil attack on a criminal judgment and is not an appeal from the criminal conviction. *State v. Wells*, 2008-Ohio-4932, ¶ 1 (2d Dist.).

{¶ 8} The State's argument in its motion to strike (which the court adopted in its decision) was that because there was no relief the court could grant Boyle, his motions were "legal nullities" and thus should be stricken from the record. We disagree with this reasoning. Black's Law Dictionary (12th ed. 2024) defines "nullity" as "something that is legally void." And in turn, "void" is described as having "no legal effect." *Id.* A legal nullity

has also been described as "something that never occurred." (Citations omitted). *Abdulshafi v. Abdulshafi*, 2020-Ohio-2692, ¶ 15 (10th Dist.). Case law examples of legal nullities are: a non-attorney filing a complaint in court (*DiPaulo Indus. Dev., LLC v. Blair & Latell Co., LPA*, 2014-Ohio-4317, ¶ 14 (11th Dist.)); post-dismissal motions (*Wheller v. Ohio State Univ. Med. Ctr.*, 2004-Ohio-2769, ¶ 1 (4th Dist.)); reconsideration of a final judgment (*Wiltz v. Clark Schaefer Hackett & Co.*, 2011-Ohio-5616, ¶ 37 (10th Dist.)); and an unaccepted contract offer (*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 81 (2013) (Kagan, J. dissenting)). So, while the State may not have thought highly of the legal merits of Boyle's motions, that did not mean they were nullities, i.e., "something that never occurred."

**{¶ 9}** Moreover, while we agree with the State and the trial court that the motions were irregular and best categorized as petitions for post-conviction relief, "[i]t is always preferred that cases be decided on their merits[.]" *Sovey v. Lending Group of Ohio*, 2005-Ohio-195, ¶ 8 (8th Dist.). *See also State v. O'Banion*, 26 Ohio App.2d 285, 286 (1st Dist. 1970) (finding the trial court erred by striking the defendant's post-conviction motion without determining its validity); *First Union-Lehman Bros.-Bank of Am. Commercial Mtge. Trust v. Pillar Real Estate Advisors, Inc.*, 2014-Ohio-1105, ¶ 15 ("A court should proceed with the understanding that it is preferable to decide cases on their merits rather than on procedural grounds."); *State v. Montavon*, 1938 WL 3004 (2d Dist. Jan. 13, 1938). Where, as here, the motions (albeit irregular) were properly before it, the trial court erred in failing to decide them on their merits.

**{¶ 10}** Because Boyle's motions were not "legal nullities" and because the trial

court should have decided the motions on their merits instead of striking them, we sustain Boyle's assignments of error.

### III.    Conclusion

**{¶ 11}** The judgment of the trial court will be reversed, and the case will be remanded for further proceedings.

. . . . . . . . . . . . .


LEWIS, J. and HANSEMAN, J., concur.