[Cite as *State v. Boyle*, 2025-Ohio-5160.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-10 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CV 0971 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| DAVID C. BOYLE | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 14, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

EPLEY, P.J., and TUCKER, J., concur.

DAVID C. BOYLE, Appellant, Pro Se
MEGAN A. HAMMOND, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Defendant-Appellant David Boyle appeals pro se from an order granting a default judgment against him and declaring him a vexatious litigator. According to Boyle, he cannot be declared a vexatious litigator because our court recently reversed and remanded a pending case he had filed in the trial court. For the reasons discussed below, Boyle's argument is without merit, and the trial court did not abuse its discretion in granting a default judgment to the State of Ohio declaring Boyle to be a vexatious litigator. Accordingly, the judgment of the trial court is affirmed.

## I. General Background

{¶ 2} In 2014, we considered Boyle's direct appeal. We noted that Boyle had originally been charged with sixteen counts of rape of his daughter, had pled guilty to six rape counts with the remaining counts dismissed, and had been sentenced to 40 years in prison, which included both consecutive and concurrent terms. *State v. Boyle*, 2014-Ohio-1271, ¶ 2-6 (2d Dist.). After conducting a review under *Anders v. California*, 386 U.S. 738 (1967), we found no arguable merit in Boyle's claim that the trial court erred in imposing consecutive sentences. *Boyle* at ¶ 7-12. We, therefore, affirmed the judgment. *Id*. at ¶ 13. Boyle failed to appeal from our judgment.

{¶ 3} Since that time, Boyle has filed various postconviction claims in state court. In June 2022, we summarized the history up to that point:

2

On June 16, 2014, Boyle filed a pro se application to reopen his appeal pursuant to App.R. 26(B). We denied his application to reopen on September 29, 2014. Boyle filed additional applications to reopen in 2016, 2020, and 2021, which were all denied by this Court.

On June 24, 2018, Boyle filed a "Motion to Dismiss Defective Indictment," in which he argued that the indictment violated his constitutional right to due process because it contained numerous undifferentiated counts of rape. Boyle claimed these "carbon-copy" counts failed to describe sufficiently the charges, thereby preventing him from properly preparing his defense. The State filed a memorandum in opposition. The trial court overruled the motion, finding that Boyle's guilty plea waived any error associated with the indictment and that his claims were barred by the doctrine of res judicata. Boyle appealed, and we affirmed the judgment of the trial court. *See State v. Boyle*, 2d Dist. Greene No. 2018-CA-12, 2018-Ohio-3284.

On September 19, 2018, Boyle filed a "Petition for an Evidentiary Hearing," in which he alleged *Miranda* violations, speedy trial violations, insufficient evidence, and ineffective assistance of counsel. The trial court construed the motion as a petition for post-conviction relief and denied it as untimely on October 23, 2018.

On November 2, 2021, Boyle filed a "Motion for Fraud Upon the Court Pursuant to R.C. 2921.32(A)." The State filed a memorandum in opposition on December 1, 2021. The trial court again construed the motion as a petition for post-conviction relief and denied it as untimely on January 6, 2022.

*State v. Boyle*, 2022-Ohio-2165, ¶ 3-6 (2d Dist.).

3

**{¶ 4}** Our June 2022 opinion considered Boyle's appeal of the trial court's January 6, 2022 postconviction decision. We affirmed, finding Boyle's postconviction petition was successive and untimely. We also found that Boyle failed to establish any excuse for his untimeliness under R.C. 2953.23(A). *Id*. at ¶ 16. Thus, by June 2022, we had found that Boyle had pursued the following matters in state court: a direct appeal; four applications to reopen his direct appeal: three trial court postconviction petitions, and two appeals resulting from the trial court's decisions on two of those petitions. (Boyle did not appeal from the October 23, 2018 trial court decision).[1]

**{¶ 5}** Boyle appealed from our June 2022 judgment, but the Supreme Court of Ohio declined review. *See State v. Boyle*, 2023-Ohio-86, filed on January 17, 2023. Previously, Boyle had appealed from our 2018 judgment on the alleged defective indictment. However, in that case, the Supreme Court of Ohio also declined to accept review. *See State v. Boyle*, 2018-Ohio-4496, issued on November 7, 2018. Consequently, in addition to the trial and

---

[1] Many more than three postconviction petitions were filed in the trial court. According to the exhibits the State filed with its complaint, Boyle began filing such motions in February 2016. In that year alone, he filed six motions, including three petitions for a writ of mandamus. However, Boyle failed to appeal from the court's dismissal or denial of these motions and petitions. Between October 2019 and 2021, Boyle also sought habeas relief in federal court. *See Boyle v. Warden, Chillicothe Corr. Inst*., 2019 WL 4861929, *1 (S.D.Ohio Oct. 2, 2019) (magistrate judge recommended dismissal of petition with prejudice based on statute of limitations bar); *Boyle v. Warden, Chillicothe Corr. Inst*,, 2019 WL 5260352, *1 (S.D.Ohio Oct. 17, 2019) (judge returned case to magistrate judge to file supplemental report analyzing objections); *Boyle v. Warden, Chillicothe Corr. Inst*., 2019 WL 5265316, *3 (S.D.Ohio Oct. 17, 2019) (magistrate judge overruled objections and again recommended dismissal of petition with prejudice based on statute of limitations); *Boyle v. Warden, Chilicothe Corr. Inst*,, 2020 WL 209086, *1 (S.D.Ohio Jan. 14, 2020) (court overruled Boyle's objections to magistrate judge's decision, dismissed habeas petition with prejudice, denied certificate of appealability, and certified to Sixth Circuit Court of Appeals that appeal would be frivolous); and *Boyle v. Shoop*, 2020 WL 4875322, *3 (6th Cir. June 29, 2020) (denying certificate of appealability). Boyle's petition for a writ of certiorari was denied in January 2021. *See Boyle v. Shoop*, 141 S.Ct. 1101 (2021).

appellate court proceedings already mentioned, Boyle had prosecuted two appeals to the Supreme Court of Ohio.

{¶ 6} State court litigation continued to occur in 2022. In February 2022, Boyle appealed to our court from a decision denying his January 5, 2022 request to inspect his presentence investigation report. We dismissed that appeal when Boyle failed to respond to a show cause order. *See State v. Boyle*, No. 2022 CA 10 (2d Dist. Mar. 23, 2022). Boyle did not appeal from this dismissal.

{¶ 7} In August 2022, we issued another opinion concerning Boyle's trial court filings. This time, it concerned Boyle's January 27, 2022 motion to inspect "grand jury transcripts, *Miranda* waivers, sworn affidavits from his defense attorneys, his own statements, statements made by the victim and two other witnesses, text messages, Ohio Bureau of Criminal Investigation ("BCI") documents, and speedy trial time waivers." *State v. Boyle*, 2022-Ohio-2887, ¶ 3 (2d Dist.). After excluding the request for review of grand jury transcripts (because it was not final and appealable), we affirmed the trial court's denial of the motion (which the court had classified as a postconviction petition). As with the June 2022 decision, we found Boyle's postconviction petition was untimely and that he again had failed to establish an exception to untimeliness under R.C. 2953.23(A). *Id*. at ¶ 6-20.

{¶ 8} Further, to the extent Boyle's motion could have been construed as a public records' request, we found no abuse of discretion in the trial court's finding that "Boyle had failed to demonstrate that the information sought in the public record was necessary to support what appears to be a justiciable claim." *Id*. at ¶ 18. Finally, the only documents that were subject to disclosure under the Rules of Superintendence were Boyle's speedy trial time waivers. We agreed with the trial court that to obtain these documents, Boyle had to request them from the Greene County Clerk of Courts and pay for the copies. *Id*. at ¶ 19-20.

5

Again, we affirmed the trial court's decision. Our judgment was filed on August 19, 2022—only a few months after the preceding decision we had rendered in Boyle's appeals.

{¶ 9} On January 19, 2023, Boyle filed a motion in the trial court under Crim.R. 52(B) asserting "plain error." Boyle's motion asserted 16 instances of plain error that he claimed had occurred in his case. *State v. Boyle*, 2023-Ohio-3390, ¶ 5 (2d Dist.). The trial court denied the motion on February 7, 2023, and Boyle again appealed to our court. *Id*. Once more, we affirmed, finding that "the trial court properly denied Boyle's motion because: (1) the plain-error standard in Crim.R. 52(B) is only available on direct appeal, and thus did not apply to Boyle's motion; (2) to the extent that Boyle's motion was a petition for postconviction relief, the trial court lacked jurisdiction to consider the motion due to its being an untimely and successive petition for postconviction relief; and (3) the doctrine of res judicata barred a majority of the claims raised in the motion." *Id*. at ¶ 18. Our judgment was filed on September 22, 2023, and Boyle did not further appeal.

{¶ 10} While the 2023 appellate case was pending, Boyle filed a petition for writ of mandamus in our court on February 23, 2023. After Boyle failed to satisfy a show cause order, we dismissed the petition. *See State v. Boyle,* No. 2023 CA 15 (2d Dist. Mar. 20, 2023). Again, Boyle did not appeal from our judgment. Subsequently, on October 23, 2023, Boyle filed a notice in our court, seeking to file a "delayed notice of appeal." This notice was designated as an appeal from Boyle's August 8, 2013 judgment of conviction. We dismissed the appeal because Boyle had already pursued a direct appeal and was not entitled to a second such appeal. *See State v. Boyle*, No. 2023 CA 56, 1-2 (2d Dist. Nov. 15, 2023). Boyle then appealed to the Supreme Court of Ohio, which again declined review in *State v. Boyle*, 2024-Ohio-763. That decision was filed on March 5, 2024.

{¶ 11} On April 19, 2024, Boyle filed yet another motion in the trial court, seeking an order voiding his sentence. After the court denied this motion on May 10, 2024, Boyle filed a "notice" in our court on June 10, 2024, seeking to certify a conflict. We then issued a show cause order, in which we noted that Boyle appeared to be attempting to appeal the court's May 10 order. However, Boyle had not filed a notice of appeal as required to provide us with jurisdiction. When Boyle failed to respond to our show cause order, we dismissed the appeal. *See State v. Boyle*, No. 2024 CA 38 (2d Dist. July 1, 2024). Boyle did not further appeal from this decision.

{¶ 12} Before we dismissed the June 2024 appeal, Boyle filed a separate civil action in the trial court on May 5, 2024, seeking a declaratory judgment against the State. After the court granted the State's motion to dismiss, Boyle appealed to our court. Again, we affirmed the court's judgment, finding that Boyle's complaint for declaratory judgment was an impermissible collateral attack on a prior valid order in a criminal case. *See Boyle v. State*, No. 24 CA 46, 5-8 (2d Dist. Mar. 14, 2025).

{¶ 13} In August 2024, Boyle filed two more motions in the criminal case. One was a motion for change of venue, and the other was a "'manifest weight of the evidence motion.'" *State v. Boyle*, 2025-Ohio-860, ¶ 6 (2d Dist.). We agreed with the trial court that these motions were best construed as post-conviction motions. However, we disagreed that the motions were "legal nullities," meaning they were legally void or "'something that had never occurred,'" such as where non-attorneys file court actions or parties file trial court motions for reconsideration of final judgments. *Id*. at ¶ 8-9. We, therefore, reversed the trial court decision and remanded the case so the court could decide the motions' merits. *Id*. at ¶ 10. Our judgment was issued on March 25, 2025.

{¶ 14} As the State notes in its brief, after remand, the trial court filed a decision on August 6, 2025, denying both motions. The court also later denied Boyle's motion for leave to appeal the decision, as by then it had declared Boyle a vexatious litigator. *State v. Boyle*, Greene C.P. No. 2013 CR 0042 (Sept. 15, 2025). While these decisions occurred after the current appeal was filed, we may take judicial notice of records and opinions that are available on the internet. *E.g.*, *Heck v. Atakpu*, 2024-Ohio-2733, ¶ 20 (2d Dist.). Here, the records concerning all of Boyle's cases are available on the clerk's website and can be considered.

{¶ 15} In the meantime, on December 10, 2024, the State filed a complaint asking the trial court to declare Boyle a vexatious litigator. The State attached copies of voluminous filings from: (1) the trial court criminal case (Exs. A-1 through A-18); (2) ten appeals in our court (Exs. B-1 through B-18); (3) three appeals to the Supreme Court of Ohio (Exs. C-1 through C-6); and (4) a trial court civil case (Exs. D-1 through D-2). The complaint was successfully served on Boyle on December 17, 2024.

{¶ 16} After Boyle failed to respond to the complaint, the State filed a motion for default judgment on January 24, 2025. The State attached the same exhibits to the motion but added Ex. E, which was a certified copy of documents indicating that certified mail service was made on Boyle on December 17, 2024. Boyle also failed to respond to the default judgment motion. Accordingly, the trial court granted the State a default judgment and declared Boyle a vexatious litigator. *See* Judgment Granting Default Judgment (Feb. 11, 2025).

{¶ 17} Boyle then filed a request in our court for leave to appeal the default judgment. At that point, we issued a show cause order informing Boyle that he needed to file a motion for leave in the trial court. After receiving Boyle's response, we granted him leave to appeal

8

conditioned on the requirement that he file a notice of appeal within 16 days after our order was journalized. *State v Boyle*, No. 24 CA 10 (2d. Dist. Mar. 19, 2025). Subsequently, we dismissed the appeal because Boyle failed to file a notice of appeal within the specified time. On Boyle's request for reconsideration, we vacated that decision and allowed the appeal to proceed. *State v. Boyle*, No. 24 CA 10 (2d Dist. May 21, 2025). The parties filed briefs, and this matter is ready for consideration.

## II. Discussion

{¶ 18} Boyle's brief, which is three handwritten pages, does not comply with App.R. 16 in most respects. Among other issues, Boyle failed to comply with App.R. 16(A)(3), which requires "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." In addition, Boyle failed to comply with App.R. 16(A)(7), which mandates inclusion of "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 19} Pro se litigants are held to the same procedures and standards as parties who obtain counsel, and we may disregard briefs that fail to comply with App.R. 16(A). *See* App.R. 12(A) and *Holfinger v. Stonespring/Carespring, L.L.C.*, 2016-Ohio-7982, ¶ 27-31 (2d Dist.). Nonetheless, in the interests of justice, we consider Boyle's brief rather than striking it or summarily dismissing the appeal. *State v. Bolton*, 2017-Ohio-8903, ¶ 13 (2d Dist.).

{¶ 20} According to the brief, Boyle's argument is that he cannot be considered a vexatious litigator because we reversed and remanded one of his cases for the trial court to consider the merits. The case in question is *Boyle*, 2025-Ohio-860 (2d Dist.), which involved

9

an August 2024 change of venue motion and a motion involving manifest weight of the evidence. As we noted above, the trial court overruled those motions on remand in August 2025. The fact that we asked the trial court to review the merits of the motions rather than simply rejecting them as "legal nullities" does not mean the motions had merit or that they were not frivolous. We simply found that the trial court rejected them for an incorrect reason. Given the court's decision on remand, all state courts have now rejected every post-conviction claim that Boyle has made.

{¶ 21} Furthermore, the status of a case as still pending is irrelevant. R.C. 2323.52(B) provides that a complaint alleging that an individual is a vexatious litigator may be filed "while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending."

{¶ 22} In his reply brief, Boyle also alleges that he had sent the trial court an answer to the vexatious litigator complaint, but it was not filed. The alleged pleading is not part of the trial court record, and the trial court docket does not reflect that such a document was ever received. Well-established law provides that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. *Accord State ex rel. Jones v. Bd. of Education of Dayton Pub. Schools*, 2020-Ohio-4931, ¶ 66 (2d Dist.). Therefore, we cannot consider Boyle's claim.

{¶ 23} Turning to the default judgment itself, Civ.R. 55(A) states that: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor." "Typically, the entry of default judgment is proper because the failure to appear or defend against the plaintiff's claims is deemed a confession

10

of their veracity, and, therefore, an admission of liability." *Lane v. U.S. Bank, N.A.*, 2018-Ohio-3140, ¶ 9 (10th Dist.), citing *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). *Accord Brookville Ents., Inc. v. Seibel*, 2020-Ohio-948, ¶ 23 (2d Dist.).

{¶ 24} We review decisions granting default judgments for abuse of discretion. *Wright State Univ. v. Williams*, 2012-Ohio-5095, ¶ 5 (2d Dist.), citing *In re Ball*, 2012-Ohio-2095, ¶ 8 (2d Dist.). "An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably." *Backyard Rentals, LLC v. Brooks*, 2020-Ohio-205, ¶ 11 (2d Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, "most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Decisions are unreasonable if they are not supported by sound reasoning. *Id.*

{¶ 25} In its brief, the State argues that an abuse of discretion "'connotes more than an error of law.'" State's Br., p. 6. This is incorrect, as we have said on numerous occasions. *E.g., State v. Bansobeza*, 2025-Ohio-2704, ¶ 60-61 (2d Dist.). Several years ago, the Supreme Court of Ohio stressed that "'[n]o court—not a trial court, not an appellate court, nor even a supreme court—has the authority, within its discretion, to commit an error of law.'" *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38, quoting *State v. Boles*, 2010-Ohio-278, ¶ 26 (2d Dist.). In *Johnson*, the court also emphasized that "[t]his should be axiomatic: a court does not have discretion to misapply the law." *Id*. "If courts do commit errors of law, they are reviewed de novo." *Bansobeza* at ¶ 61.

{¶ 26} Having reviewed the trial court's decision and the documents the State submitted, we find no abuse of discretion in granting the default judgment. On the subject of

vexatious litigation, R.C. 2323.52(B) provides that "a prosecuting attorney . . . who has defended against habitual and persistent vexatious conduct . . . in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator."

{¶ 27} Under R.C. 2323.52(A)(3), a vexatious litigator is defined as "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." As relevant here, R.C. 2323.52(A)(2) defines "vexatious conduct" as "conduct of a party in a civil action that satisfies any of the following: (a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action" or "(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." The statute defines "conduct" to have "the same meaning as in section 2323.51 of the Revised Code." R.C. 2323.52(A)(1).

{¶ 28} Turning to R.C. 2323.51(A)(1)(b), "conduct" includes any of the following:

> (a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action;

12

(b) The filing by an inmate of a civil action or appeal against a government entity or employee, the assertion of a claim, defense or other position in connection with a civil action of that nature or the assertion of issues of law in an appeal of that nature, or the taking of any other action in connection with a civil action or appeal of that nature.

{¶ 29} We have held that while a "criminal case is not 'a civil action,' . . . '[c]onduct in a criminal case can also result in a vexatious litigator designation when said conduct is 'civil in nature.'" *Heck v. Atakpu*, 2024-Ohio-2733, ¶ 16 (2d Dist.), quoting *State v. West*, 2022-Ohio-2060, ¶ 18 (2d Dist.). "Such conduct may include post-conviction motions and other filings by a defendant." *Id.*, citing *West* at ¶ 17-23. "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994), citing *State v. Crowder*, 60 Ohio St.3d 151 (1991). Here, most of Boyle's claims were directly civil (such as the declaratory judgment action) or civil in nature and were correctly classified as such.

{¶ 30} The purpose of "applying a broader understanding of the term 'civil action' as used in R.C. 2323.52 comports with the purpose of the statute, which is to not only 'prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds,' but to also prevent abuse by those who 'otherwise engage in frivolous conduct in the trial courts of this state.'" *West* at ¶ 21, quoting *Mayer v. Bristow*, 91 Ohio St.3d 3, 13 (2000). In *Mayer*, the Supreme Court explained that "vexatious litigators oftentimes use litigation, with seemingly indefatigable resolve and prolificacy, to intimidate public officials and employees or cause the emotional and financial decimation of their targets." *Mayer* at 13. The court further remarked that "[s]uch conduct, which employs court processes as amusement or a weapon in itself, undermines the people's faith in the legal

13

system, threatens the integrity of the judiciary, and casts a shadow upon the administration of justice. Thus, the people, through their representatives, have a legitimate, indeed compelling, interest in curbing the illegitimate activities of vexatious litigators." *Id.*

{¶ 31} "Vexatious conduct is not assessed under the subjective opinion of the vexatious litigator regarding his or her own intentions . . . . Rather, we examine the objective character of the conduct." *Wiltz v. Miller*, 2025-Ohio-1325, ¶ 40 (5th Dist.), citing *Prime Equip. Group, Inc. v. Schmidt*, 2016-Ohio-3472, ¶ 41 (10th Dist.). Of course, in the situation before us, by failing to file a timely answer, Boyle has admitted the veracity of the allegations in the complaint. The issue, rather, is whether the trial court abused its discretion in granting the default judgment. There is no indication that the court acted unreasonably. Boyle failed to file an answer and also failed to respond to the default judgment motion.

{¶ 32} Even if we were considering the merits of the decision, the trial court correctly found Boyle to be a vexatious litigator. In its decision, the court observed that over the last 10 years, Boyle had filed "countless motions" in the trial court, as well as 10 appeals in our court, three appeals in the Supreme Court of Ohio, and a civil case. Default Judgment, p. 4. The court further found that many of Boyle's filings in the criminal case were civil in nature because they had been construed as postconviction motions. *Id*. We agree. In addition, the court remarked that all of Boyle's filings, regardless of the forum, "have centered upon the same allegations and arguments – insufficient evidence, defects in the indictment, *Miranda* and speedy trial violations, ineffective assistance of counsel, errors in sentencing, etc." *Id*. at p. 4-5. Again, we agree.

{¶ 33} Having read all the decisions and cases involving Boyle's post-conviction claims and having reviewed the State's exhibits, it is clear that Boyle has repeatedly raised the same arguments ever since he filed a motion for discovery in the criminal case in

14

February 2016 and a motion to "vacate void conviction" in March 2016—more than nine years ago. *See* Motion for Default Judgment, State's Exs. A-1 and A-2. No matter how many times courts at all levels have rejected Boyle's claims, he continues to file more motions and pleadings. Under the circumstances, the trial court properly declared Boyle to be a vexatious litigator. Consequently, Boyle's assignment of error, such that it is, is overruled.

### III. Conclusion

{¶ 34} Boyle's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.