[Cite as *State v. Boyle*, 2014-Ohio-1271.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-43 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-42 |
| v. | : | |
| | : | |
| DAVID C. BOYLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 28th day of March, 2014.

· · · · · · · · · ·

ELIZABETH A. ELLIS, Atty. Reg. #0074332, Greene County Prosecutor's Office, 55 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

MICHAEL C. THOMPSON, Atty. Reg. #0041420, 5 North Williams Street, Dayton, Ohio 45407
      Attorney for Defendant-Appellant

· · · · · · · · · · · ·

FAIN, J.

{¶ 1}      Defendant-appellant David C. Boyle appeals from his conviction and sentence, following a guilty plea, on six counts of Rape.  Assigned appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),

indicating that he has not found any potential assignments of error having arguable merit.  After independent review, neither have we.  Accordingly, the judgment of the trial court is Affirmed.

## I.  The Negotiated Plea

{¶ 2}     Boyle was charged with sixteen counts of Rape.  The victim in all counts was his daughter.  The first count specified a time period from July 4, 2007, until July 3, 2010, when Boyle's daughter was less than thirteen years old.  This count alleged that the victim was less than thirteen years old, which meant that upon conviction, Boyle could have been sentenced to life imprisonment.  The remaining counts each specified a time period from July 5, 2010, until January 17, 2013.

{¶ 3}     Boyle agreed to plead guilty to Counts 2, 3, 4, 5, 6, and 7 of the indictment, in exchange for the dismissal of the ten remaining counts.  After Boyle pled, but before he was sentenced, the trial court vacated that plea and took a new plea, explaining:

THE COURT: This matter has been scheduled today for a final disposition.  However, the Court, in light of a recent decision from the Second District Court of Appeals, has had it brought to the Court's attention that the plea, which we originally took in this case, should be vacated for the failure to specifically advise the Defendant of his sexual offender registration reporting requirements.

As such, the Court will, for the record, vacate the plea previously entered in by the Defendant in this case.

{¶ 4}     Whereupon, the same plea agreement was again entered into, this time with a full advisement by the trial court of the sexual offender registration, reporting, and notification

requirements to which Boyle would be subject as a Tier III sex offender. In this plea colloquy, the trial court provided a full explanation of the rights Boyle was waiving, and the effects of his plea, just as if the prior plea hearing had not occurred. Boyle was told that he could confer with his attorney at any time during the proceeding. The trial court ascertained that Boyle was tendering his plea knowingly and voluntarily.

## II. The Sentence

{¶ 5} The trial court already had the pre-sentence investigation report. As it told Boyle it was going to do, if Boyle decided to plead guilty again, the trial court proceeded immediately to the sentencing hearing. At this hearing, the victim's written statement, in the form of a letter to her father, was read into the record. The State asked for a maximum sentence of 66 years. Boyle and his attorney addressed the court.

{¶ 6} The trial court imposed a sentence of ten years on each count, with the sentences on counts 2, 3, 4, and 5 to be served consecutively, but the sentences on counts 6 and 7 to be served concurrently, for a total prison sentence of 40 years. The trial court imposed a mandatory term of five years of post-release control. The trial court imposed a fine of $10,000, but did not award restitution, and did not award costs. Finally, the trial court classified Boyle as a Tier III sex offender.

## III. There Are No Potential Assignments of Error Having Arguable Merit

{¶ 7} In identifying one potential error, Boyle's appellate counsel asserts that in order to impose consecutive sentences, a trial court must not only make the findings required by R.C. 2929.14(C), it must also state its reasons, citing *State v. Moss*, 10th Dist. Franklin No. 00AP-574, 2005-Ohio-6806. At the time *Moss* was decided, that was the law; a trial court imposing

consecutive sentences was required by R.C. 2929.19(B)(2) to "make a finding that gives its reasons for" imposing consecutive sentences. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 739 N.E.2d 473, ¶ 14. Since then, *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470, severed the findings requirement for consecutive sentences from the statute as unconstitutional.

{¶ 8} Then, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Supreme Court of Ohio held that, as a result of *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), a requirement of judicial fact-finding for consecutive sentences would be constitutional, should the General Assembly choose to enact one.

{¶ 9} The Ohio General Assembly took up the Supreme Court's suggestion in *Hodge*, and enacted the current version of required judicial fact-finding for consecutive sentences in R.C. 2929.14(C)(4):

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under

post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} One of the differences between pre-*Foster* and post-*Hodge* judicial fact-finding for consecutive sentences is that a trial court is no longer required to give its reasons for making the required findings. There is no requirement of that nature in the present version of R.C. 2929.19, or in R.C. 2929.14(C)(4).

{¶ 11} In the case before us, the trial court made the required findings for the imposition of consecutive sentences. We have found no potential assignments of error having arguable merit relating to the sentence imposed by the trial court. The pre-sentence investigation report makes it clear that Boyle's daughter was required to service his sexual needs on a regular basis from before she was ten years old until she was fifteen years old. In his written and oral statements to the trial court, Boyle did not deny this. His daughter's two-page, handwritten victim impact statement demonstrates eloquently the emotional anguish that Boyle's criminal conduct has subjected her to, and the continuing adverse consequences to her.

{¶ 12} We do not clearly and convincingly find that the record does not support the

court's findings required for consecutive sentences. R.C. 2953.08(G)(2). Whether we employ that same standard of review to the length of the sentences, *see State v. Rodeffer*, — N.E.2d —, 2013-Ohio-5759 (2d Dist.), ¶ 29, or whether we employ the abuse-of-discretion standard of review, we find no assignment of error regarding Boyle's sentence having arguable merit.

{¶ 13} We have performed our duty under *Anders* to review the record independently. We have found no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.


Copies mailed to:

Elizabeth A. Ellis
Michael C. Thompson
David C. Boyle
Hon. Stephen Wolaver