[Cite as *State v. Ushery*, 2022-Ohio-1695.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-555 |
| | : | |
| DANIEL L. USHERY, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of May, 2022.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Appellate Division, Safety Building, 201 West Main Street, 2nd Floor, Troy, Ohio 45373
     Attorney for Plaintiff-Appellee

DANIEL L. USHERY, JR., #16214-032, FCC USP 1, P.O. Box 1033, Coleman, Florida 33521
     Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Daniel L. Ushery, Jr. appeals from the judgment of the Miami County Court of Common Pleas denying his motion for a writ of error coram nobis. For the following reasons, the trial court's judgment is affirmed.

## I.  Procedural History and Facts

{¶ 2} In January 2007, Ushery was charged by way of bill of information in the Miami County Common Pleas Court with one count of trafficking in drugs, a felony of the second degree, and one count of illegal conveyance of drugs of abuse, a felony of the third degree, for an offense alleged to have occurred in November 2006.   Ushery agreed to plead guilty to one count of trafficking in drugs in exchange for a jointly-recommended mandatory minimum sentence of two years in prison and dismissal of the illegal conveyance charge.   Pursuant to the negotiated plea agreement, Ushery was sentenced to a mandatory prison term of two years.   He did not file a direct appeal from his conviction.

{¶ 3} In 2013, Ushery entered a negotiated guilty plea to one count of distribution of crack cocaine in the United States District Court for the Eastern District of Kentucky. *United States v. Ushery*, 785 F.3d 210 (6th Cir.2015).   Partly as a result of being deemed a career offender, Ushery was sentenced to 252 months in prison.   *Id.* at 224.   Ushery appealed and the Sixth Circuit affirmed Ushery's conviction.   *Id.* at 225.

{¶ 4} In 2016, Ushery filed a post-sentence motion to withdraw his guilty plea in the 2006 Miami County drug trafficking case.   Ushery alleged that his attorney had been ineffective because he had not properly advised Ushery of all his possible defenses or of the requirement that the State would have to prove his guilt on every element beyond a

reasonable doubt if he had gone to trial. He further claimed that he had not actually committed the offense of trafficking in drugs because he only possessed them and, therefore, he would have been found not guilty had he gone to trial. Ushery maintained that he would have gone to trial or had a suppression hearing had he known of the possible defenses he could have raised.

{¶ 5} While the motion to withdraw his guilty plea was pending, Ushery filed a Motion to Amend Charge; Motion to Appoint Counsel, also in his 2006 Miami County drug trafficking case. Ushery claimed that because he did not actually commit the offense of trafficking in drugs, only illegal conveyance of drugs, the trial court should amend his conviction from trafficking in drugs to illegal conveyance of drugs and resentence him to time served. Ushery also alleged that he had not been aware of all his rights when he pled guilty or that he could have been found guilty of a lesser charge.

{¶ 6} On April 13, 2016, the trial court denied both of Ushery's motions in their entirety. The trial court found that the plea form Ushery had signed belied his allegations. Specifically, the plea form stated that Ushery understood the nature of the charges against him and the possible defenses he might have, that he was satisfied with his attorney, that he understood he was giving up all his constitutional rights, and that he waived his right to have the prosecutor prove his guilt beyond a reasonable doubt by entering a guilty plea. The trial court also could not find a legal basis under which it could amend the charges as Ushery requested. Ushery did not appeal from this judgment.

{¶ 7} On June 10, 2021, Ushery filed another motion in the 2006 Miami County drug trafficking case requesting the trial court issue a writ of error coram nobis and vacate

his conviction. According to Ushery, he was being unlawfully held in federal prison as a result of having been convicted in his federal criminal case in which his state conviction enhanced his federal sentence. As such, he requested that his state court conviction be set aside primarily on the basis that his attorney had been ineffective in getting him to plead guilty to an offense he did not commit. Ushery claimed that he had only recently learned that he had a possible defense or argument for a lesser-included offense of drug possession when he arrived at federal prison and another inmate reviewed his case. In support of his motion, Ushery attached an "affidavit" of the inmate who helped discover the alleged errors and a "declaration" from Ushery in support of his motion.

{¶ 8} On July 28, 2021, the trial court denied Ushery's motion. Initially, the trial court reiterated the reasons given in its April 13, 2016 decision denying Ushery's 2016 motions. The trial court also stated that Ushery could have argued the issues he raised in a direct appeal and/or a petition for post-conviction relief, that the time for filing a petition for post-conviction relief had long passed, and that awareness of one's legal rights did not constitute newly-discovered evidence, but was merely newly-discovered knowledge of the law. Finally, the trial court noted that Ushery sought legal relief that was not cognizable under Ohio law.

{¶ 9} Ushery appealed.

## II. Non-compliance with Appellate Rule 16

{¶ 10} Instead of filing a brief, Ushery initially filed a petition for post-conviction relief in this Court. We overruled his petition because a petition for post-conviction relief must first be filed in the trial court. We ordered Ushery to show cause as to why this

Court should not dismiss his appeal for failing to timely file an appellate brief. In response, he filed a document titled "Reply to Show Cause Order; Brief of Appellant for Habeas Relief."

{¶ 11} Ushery's pro se brief asks this Court to grant his motion for writ of error coram nobis and to grant a writ of habeas corpus. Unfortunately, Ushery's pro se "brief" does not comply with App.R. 16. App.R. 16(A)(1)-(8). "Pro se litigants are held to the same procedures and standards as parties who obtain counsel, and we may disregard briefs that fail to comply with App.R. 16(A)." *City of Kettering v. Fritz*, 2d Dist. Montgomery No. 28319, 2019-Ohio-3388, ¶ 6.

{¶ 12} Ushery's brief does not include a table of cases, statutes, or any other authority. App.R. 16(A)(1) and (2). His brief does not identify a statement of the assignments of error presented for review with reference to the place in the record where each error is reflected. App.R. 16(A)(3). Ushery's brief does not include a statement of the issues presented for review, a brief statement of the case, or a statement of facts relevant to the assignments of error. App.R. 16(A)(4)-(6). Not only are there no assignments of error identified, but there are no arguments "containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).

{¶ 13} Ushery has wholly failed to set forth any assignment of error or cite any specific place in the trial court's record where any of the errors are alleged to have occurred. Pursuant to App.R. 12(A)(2), this Court is not required to consider any issues

that are not separately argued as assignments of error. Such deficiencies permit this Court to dismiss Ushery's appeal. *Holfinger v. Stonespring/Carespring, L.L.C.*, 2d Dist. Montgomery No. 27091, 2016-Ohio-7982, ¶ 27-31; *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Notwithstanding the obvious omissions in Ushery's brief, and in the interests of justice and finality, we elect to review what we interpret is the issue raised in Ushery's appeal rather than striking the brief or summarily dismissing the appeal.

### III. The Trial Court Did Not Err in Denying Ushery's Motion

{¶ 14} This appeal stems from the trial court's denial of Ushery's request for the trial court to issue a writ of error coram nobis. As such, we construe the error on appeal to be that the trial court erred in denying Ushery's motion. Having reviewed the record, we find no error in the trial court's decision.

{¶ 15} To the extent the trial court denied Ushery's request for a writ of error coram nobis, the trial court correctly determined it could not grant Ushery the relief he requested. "Writs of coram nobis were at one time filed in a court that had rendered a judgment to bring to the court's attention errors of fact which, through duress, fraud, or excusable neglect, were unknown when the judgment was entered and which would have prevented the judgment had they then been known to the court." *State v. Spezzalli*, 2d Dist. Clark No. 1997-CA-127, 1998 WL 771408, *1 (Sept. 25, 1998). The common-law writ of coram nobis is no longer part of the law of Ohio as the enactment of other post-conviction remedies have replaced it. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), citing *State v. Hayslip*, 90 Ohio St. 199, 170 N.E. 335 (1914). Because Ohio does not recognize a writ of coram nobis, the trial court did not err by denying Ushery's

motion.

{¶ 16} In as much as the trial court treated Ushery's motion as a petition for post-conviction relief, we also find that the trial court did not err in denying it as untimely. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10. (Other citation omitted.)   Where a criminal defendant files a motion subsequent to a direct appeal seeking to render the judgment of conviction void in order to vacate the judgment and sentence on the basis that the defendant's constitutional rights were violated, the motion is properly construed as a petition for post-conviction relief.   *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

{¶ 17} In this case, Ushery's motion was filed after the time for direct appeal had expired, and he sought vacation of his conviction on grounds that his constitutional rights had been violated.   Therefore, Ushery's motion satisfied all the criteria for it to properly be construed as a petition for post-conviction relief.

{¶ 18} A petition for "postconviction relief is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction."   (Citations omitted.) *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.).   A post-conviction relief proceeding is not an appeal of a criminal conviction but a collateral civil attack on a criminal judgment.   *Id.*   R.C. 2953.21,

the statute governing post-conviction relief, permits "[a]ny person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * [to] file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a) and (A)(1)(a)(i). The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. R.C. 2953.21(A)(1)(b).

{¶ 19} When no direct appeal is taken, the post-conviction petition statute provides that the petition shall be filed no later than 365 days after the expiration of the time for filing an appeal. R.C. 2953.21(A)(2)(a). "R.C. 2953.23(A) permits a prisoner to file an untimely * * * petition for postconviction relief only under specific, limited circumstances." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 22. "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

**{¶ 20}** "We review trial court decisions on petitions for post-conviction relief under an abuse of discretion standard." (Citations omitted.) *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 21}** Ushery's petition was not filed within the time limitations set forth in R.C. 2953.21(A)(2). He was convicted and sentenced in 2007 but did not file his petition until 2021, over 14 years later. Therefore, in order for the trial court to have jurisdiction to consider the petition, Ushery was required to demonstrate that he had been unavoidably prevented from discovering the facts upon which the claims in his petition were based, or that a new federal or state right applied retroactively to his case.

**{¶ 22}** Ushery did not make any claim based on a new federal or state right recognized by the United States Supreme Court that could be retroactively applied to his case. Consequently, Ushery had to show that he was unavoidably prevented from discovering the facts necessary to bring the petition. "The phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. As an explanation for his untimeliness, Ushery claimed that he only recently learned from a fellow federal inmate that he could not have been convicted of trafficking in drugs based on the underlying facts of his offense since he only possessed the drugs and that he could have argued for a lesser-included offense of possession of drugs had he gone to trial.

{¶ 23} The discovery of "facts" contemplated by R.C. 2953.23(A)(1)(a) "are the historical facts of the case, which occurred up to and including the time of conviction." *State v. Turner*, 10th Dist. Franklin No. 06AP-876, 2007-Ohio-1468, citing *State v. Czaplicki*, 2d Dist. Montgomery No. 16589, 1998 WL 272034, *3 (May 29, 1998). The post-conviction statute requires that a petitioner be unavoidably prevented from discovering *facts*, not the law. *State v. Clay*, 2018-Ohio-985, 108 N.E.3d 642, ¶ 12 (7th Dist.). "The purpose behind R.C. 2953.23 is to 'permit trial courts to consider factual information that may come to light after a defendant's trial, not to permit defendants to advance new legal theories using the same underlying facts.' " *State v. Williamitis*, 2d Dist. Montgomery No. 21321, 2006-Ohio-2904, ¶ 18, citing *State v. Hurst*, 5th Dist. Stark No. 1999CA00171, 2000 WL 93990 (Jan. 10, 2000).

{¶ 24} In this case, Ushery was aware of all the facts he identified in his motion at the time he pled guilty and, therefore, could not have been unavoidably prevented from learning those facts. Moreover, Ushery made the same legal claims in his 2016 motions that he alleged were newly discovered in 2021. Accordingly, because Ushery did not make the requisite showing under R.C. 2953.23(A)(1), the trial court lacked jurisdiction to consider Ushery's untimely petition for post-conviction relief and correctly denied it.

## IV.  Habeas Relief

{¶ 25} As to Ushery's request for habeas relief in this Court, it is not properly before us. He did not raise it in the trial court and, therefore, may not now raise it for the first time on appeal. "It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be

addressed." *State v. Schneider*, 2d Dist. Greene No. 1995-CA-18, 1995 WL 737910, *1 (Dec. 13, 1995), citing *State v. Coleman*, 37 Ohio St.3d 286, 294, 525 N.E.2d 792 (1988). (Other citation omitted.) Moreover, Ushery is currently held on a federal charge in federal prison. "State courts lack jurisdiction to determine a habeas corpus petition filed by an inmate of a federal prison." *Perotti v. Stine*, 113 Ohio St. 3d 312, 2007-Ohio-1957, 865 N.E.2d 50, ¶ 5. As a result, even if this issue were properly before us, we could not grant him the relief he seeks.

## V. Conclusion

{¶ 26} Having found no errors, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Paul M. Watkins
Daniel L. Ushery, Jr.
Hon. Stacy M. Wall