[Cite as *State v. Boyle*, 2023-Ohio-3390.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-16 |
| | : | |
| v. | : | Trial Court Case No. 2013 CR 0042 |
| | : | |
| DAVID BOYLE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 22, 2023

. . . . . . . . . . .

DAVID BOYLE, Appellant, Pro Se

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, David Boyle, appeals pro se from a judgment of the Greene County Court of Common Pleas denying his "Motion Pursuant to Criminal Rule 52(B) Plain Error." For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} The history of Boyle's case has been addressed by this court numerous times and is summarized as follows in *State v. Boyle*, 2d Dist. Greene No. 2022-CA-19, 2022-Ohio-2887 ("*Boyle IV*"):

"In 2013, Boyle was indicted on 16 counts of rape involving his daughter. Following negotiations, Boyle entered a plea of guilty to six counts of rape in exchange for the dismissal of the remaining counts. No agreement was reached as to sentencing. The trial court sentenced Boyle to an aggregate prison term of 40 years and designated him a Tier III sex offender. The conviction was affirmed on appeal. *State v. Boyle*, 2d Dist. Greene No. 2013-CA-43, 2014-Ohio-1271 [('*Boyle I*')].

On June 16, 2014, Boyle filed a pro se application to reopen his appeal pursuant to App.R. 26(B). We denied his application to reopen on September 29, 2014. Boyle filed three additional applications to reopen in 2016, 2020, and 2021, which were all denied by this Court.

On June 24, 2018, Boyle filed a 'Motion to Dismiss Defective Indictment,' in which he argued that the indictment violated his constitutional right to due process because it contained numerous undifferentiated counts of rape. Boyle claimed these 'carbon-copy' counts failed to describe sufficiently the charges, thereby preventing him from properly preparing his defense. The State filed a memorandum in opposition. The trial court overruled the motion, finding that Boyle's guilty plea waived any error

associated with the indictment and that his claims were barred by the doctrine of res judicata. Boyle appealed, and we affirmed the judgment of the trial court. *See State v. Boyle*, 2d Dist. Greene No. 2018-CA-12, 2018-Ohio-3284 [('*Boyle II*')].

On September 19, 2018, Boyle filed a 'Petition for an Evidentiary Hearing,' in which he alleged *Miranda* violations, speedy trial violations, insufficient evidence, and ineffective assistance of counsel. The trial court construed the motion as a petition for post-conviction relief and denied it as untimely on October 23, 2018.

On November 2, 2021, Boyle filed a 'Motion for Fraud Upon the Court Pursuant to R.C. 2921.32(A).' The State filed a memorandum in opposition on December 1, 2021. The trial court again construed the motion as a petition for post-conviction relief and denied it as untimely on January 6, 2022."

This Court affirmed the trial court's decision denying Boyle's November 2021 motion as an untimely and successive petition for post-conviction relief. [*State v. Boyle*, 2d Dist. Greene No. 2022-CA-7, 2022-Ohio-2165, ¶ 16-17 ("*Boyle III*")].

*Boyle IV* at ¶ 2, quoting *Boyle III* at ¶ 2-6.

{¶ 3} On January 27, 2022, Boyle also filed a motion captioned "Request to Subpoena Specific Records" wherein he sought grand jury transcripts, *Miranda* waivers, sworn affidavits from his defense attorneys, text messages, Ohio Bureau of Criminal

Investigation documents, speedy trial time waivers, and statements made by him, the victim, and two other witnesses. Boyle explained that he wanted the records to establish that his conviction had not been supported by the evidence and that his trial counsel had provided ineffective assistance. Boyle also wanted the records to obtain possible newly-discovered evidence and to show a potential *Brady* violation.

**{¶ 4}** The trial court construed Boyle's motion as: (1) a petition for postconviction relief, (2) a request for public records filed pursuant to R.C. 149.43, (3) a request for grand jury transcripts, and (4) a request for court records as defined by Sup.R. 44. To the extent that the trial court considered Boyle's motion a petition for postconviction relief, a request for grand jury transcripts, and a request for public records, the motion was denied. To the extent that Boyle's motion sought court records, the trial court did not deny the motion but instructed Boyle to request the records from the Greene County Clerk of Courts and to remit payment to the clerk for the cost of copying the records. Boyle thereafter appealed, and this court affirmed the judgment of the trial court. *State v. Boyle*, 2d Dist. Greene No. 2022-CA-19, 2022-Ohio-2887, ¶ 4, 7-21 (*"Boyle IV"*).

**{¶ 5}** Following this court's decision in *Boyle IV*, on January 19, 2023, Boyle filed a motion captioned "Motion Pursuant to Criminal Rule 52(B) Plain Error." In that motion, Boyle asserted 16 instances of plain error that he claimed had occurred during his case. The trial court aptly described the alleged errors as follows:

> Two of the errors asserted relate to plea offers extended to him, six pertain to the consecutive sentences imposed and his belief that some of the counts were allied offenses, and two relate to perceived failure of his

trial attorney to file a motion or bring an alleged speedy trial violation to the Court's attention. Boyle also alleges plain error with respect to the indictment, the victim's credibility, an alleged *Miranda* violation, and insufficient evidence. Boyle further asserts he wasn't provided a preliminary hearing and he was the victim of judicial bias.

Judgment Entry (Feb. 7, 2023), p. 2.

{¶ 6} The trial court denied Boyle's plain-error motion on the following three grounds: (1) the plain-error standard under Crim.R. 52(B) is only available on direct appeal, and thus does not apply to Boyle's motion; (2) if construing Boyle's motion as a petition for postconviction relief, the trial court does not have jurisdiction to consider the motion because it is untimely and its untimeliness is not excused by R.C. 2953.23(A); and (3) a majority of the claims asserted in the motion are barred by the doctrine of res judicata.

{¶ 7} Boyle now appeals from the trial court's judgment denying his plain-error motion and raises 16 assignments of error for review.

**Assignments of Error**

{¶ 8} All of the assignments of error asserted in Boyle's appellate brief are reiterations of the 16 alleged instances of plain error that Boyle cited in the motion at issue. In criminal cases, plain error is governed by Crim.R. 52(B), which provides that: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." It is well established that " 'the plain-error standard

in Crim.R. 52(B) is available only on direct appeal and "does not create a free-standing procedure to obtain review otherwise." ' "  *State v. Shabazz*, 2d Dist. Greene No. 2017-CA-11, 2017-Ohio-7199, ¶ 10, quoting *State v. Strickland*, 10th Dist. Franklin No. 14AP-307, 2014-Ohio-5105, ¶ 15, quoting *State v. Ayala*, 10th Dist. Franklin Nos. 12AP-1071, 12AP-1072, 2013-Ohio-1875, ¶ 14.  *Accord State v. Hayden*, 2d Dist. Montgomery No. 28611, 2020-Ohio-3818, ¶ 8.  Therefore, the trial court correctly determined that Crim.R. 52(B) did not apply to Boyle's postconviction motion and provided no remedy.

{¶ 9} "Courts may recast irregular motions [such as Boyle's] into whatever category necessary to identify and establish the criteria by which the motion should be judged."  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997).  "Under certain circumstances, it is also appropriate for courts to recast motions that are unambiguously named and presented under a specific rule when said rule has no application to the judgment at issue."  *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 12 (2d Dist.), citing *Schlee*.

{¶ 10} To the extent that it alleges a violation of constitutional rights, Boyle's motion is properly construed as a petition for postconviction relief.  *See State v. Ushery*, 2d Dist. Miami No. 2021-CA-28, 2022-Ohio-1695 ¶ 16, citing *Reynolds* at 160 ("[w]here a criminal defendant files a motion subsequent to a direct appeal seeking to render the judgment of conviction void in order to vacate the judgment and sentence on the basis that the defendant's constitutional rights were violated, the motion is properly construed as a petition for post-conviction relief").

{¶ 11} When a defendant has pursued a direct appeal of his conviction, as Boyle did in this case, a petition for postconviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" R.C. 2953.21(A)(2). "Trial courts lack jurisdiction to consider an untimely or successive petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 12, citing *State v. Current*, 2d Dist. Champaign No. 2012-CA-33, 2013-Ohio-1921, ¶ 16.

{¶ 12} Pursuant to R.C. 2953.23(A), the untimely filing of a petition for postconviction relief may be excused with a showing that either: (1) the petitioner was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). The petitioner also must show by clear and convincing evidence that, if not for the constitutional error from which he or she suffered, no reasonable factfinder would have found the petitioner guilty. R.C. 2953.23(A)(1)(b).

{¶ 13} "We review a denial of a petition for post[-]conviction relief for which no hearing was held under an abuse of discretion standard." (Citation omitted.) *State v. Clemmons*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997, ¶ 18. "An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable." (Citations omitted.) *Id.*

{¶ 14} In this case, the motion at issue was an untimely petition for postconviction

relief, as the motion was filed over eight years after this court affirmed Boyle's conviction on direct appeal. The motion was also a successive petition because Boyle previously had filed several other irregular motions that the trial court denied as untimely petitions for postconviction relief. *See Boyle III* and *Boyle IV*.

{¶ 15} In the motion at issue, Boyle failed to allege or assert any facts that would excuse its untimeliness under the two-prong test in R.C. 2953.23(A)(1). Specifically, Boyle failed to allege any facts that would establish he was unavoidably prevented from discovering the facts upon which he relied to present his claims. While Boyle attempts to satisfy this requirement in his reply brief by arguing that his "[a]ppellant counsel withheld any and all documents from [him] for more [than] a year," this argument was not raised in his motion and it does not specifically account for the over eight-year delay in filing the motion. In addition, Boyle's motion does not assert that the United States Supreme Court has recognized a new federal or state right that applied retroactively to his situation. Therefore, to the extent that Boyle's motion was construed as a petition for postconviction relief, the trial court did not abuse its discretion when it found that it lacked jurisdiction to consider the motion due to its untimeliness.

{¶ 16} The trial court also correctly found that a majority of the claims raised in Boyle's motion were barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or

on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Simply stated, "res judicata bars the consideration of issues that could have been raised on direct appeal." *State v. Shah*, 2d Dist. Montgomery No. 29685, 2023-Ohio-2328, ¶ 12, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17.

{¶ 17} In this case, most of the claims raised in Boyle's motion concerned matters that were contained within the trial record, and thus could have been raised in Boyle's direct appeal from his conviction. For example, Boyle's motion challenged his sentence, the indictment, the sufficiency of the evidence, the credibility of the victim, defense counsel's failure to file a Crim.R. 29 motion, defense counsel's failure to notice an alleged speedy trial violation, the lack of a preliminary hearing, and an alleged biased statement made by the trial court judge. Because these claims could have been raised on direct appeal, and because some of the claims had already been raised by Boyle in his prior petitions for postconviction relief, they were all barred by the doctrine of res judicata.

{¶ 18} In sum, we find that the trial court properly denied Boyle's motion because: (1) the plain-error standard in Crim.R. 52(B) is only available on direct appeal, and thus did not apply to Boyle's motion; (2) to the extent that Boyle's motion was a petition for postconviction relief, the trial court lacked jurisdiction to consider the motion due to its being an untimely and successive petition for postconviction relief; and (3) the doctrine of res judicata barred a majority of the claims raised in the motion. For these reasons, Boyle's 16 assignments of error are overruled.

## Conclusion

**{¶ 19}** Having overruled all of Boyle's assignments of error, the judgment of the trial court denying Boyle's "Motion Pursuant to Criminal Rule 52(B) Plain Error" is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.