[Cite as *Boyle v. State*, 2025-Ohio-859.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| DAVID BOYLE | : | |
| | : | |
| Appellant | : | C.A. No. 2024-CA-46 |
| | : | |
| v. | : | Trial Court Case No. 2024 CV 0363 |
| | : | |
| STATE OF OHIO | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 14, 2025

. . . . . . . . . . .

DAVID BOYLE, Pro Se Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Plaintiff-Appellant David Boyle appeals from a judgment of the Greene County Common Pleas Court dismissing his complaint for declaratory judgment against the Greene County Prosecutor's Office ("State"). For the following reasons, the judgment of the trial court will be affirmed.

**I.    Facts and Procedural History**

{¶ 2} This civil action derives from Boyle's criminal conviction in Greene C.P. No. 2013 CR 0042. In 2013, a Greene County grand jury indicted Boyle on 16 counts of rape in which his minor daughter was the alleged victim. *State v. Boyle*, 2014-Ohio-1271, ¶ 2 (2d Dist.). As a result of plea negotiations, Boyle entered a guilty plea to six counts of rape in exchange for the State's dismissal of the remaining counts. The trial court sentenced Boyle to an aggregate prison term of 40 years and designated him a Tier III sex offender. Boyle's conviction was affirmed on appeal. *Id.*

{¶ 3} Subsequently, Boyle unsuccessfully challenged his conviction on multiple occasions. For an extensive summary of Boyle's unsuccessful challenges, see *State v. Boyle*, 2023-Ohio-3390, ¶ 2-6 (2d Dist.). In that case, we overruled Boyle's 16 assignments of error and affirmed the judgment of the trial court. *Id.* at ¶ 18.

{¶ 4} Boyle has likewise unsuccessfully challenged his conviction on federal habeas corpus grounds. *See Boyle v. Warden, Chillicothe Corr. Inst.*, 2019 WL 4861929 (S.D.Ohio Oct. 2, 2019); *Boyle v. Warden, Chillicothe Corr. Inst.*, 2019 WL 5265316 (S.D.Ohio Oct. 17, 2019); *Boyle v. Warden, Chillicothe Corr. Inst.*, 2020 WL 209086 (S.D.Ohio Jan. 14, 2020); *Boyle v. Shoop*, 2020 WL 4875322 (6th Cir. June 29, 2020).

{¶ 5} On May 6, 2024, Boyle filed a complaint for declaratory judgment against the Greene County Prosecutor's Office in the Greene County Common Pleas Court. The complaint alleged that a controversy existed as to the sufficiency of his 2013 criminal indictment. Boyle further claimed there was a controversy over the failure of the State to file a bill of particulars and that his trial counsel had been ineffective for allowing him to plead guilty to the invalid 2013 criminal indictment.

{¶ 6} On May 15, 2024, the State filed a Civ.R. 12(B)(6) motion to dismiss the complaint, arguing that a declaratory judgment action could not be used to collaterally attack a criminal conviction. On June 6, 2024, Boyle filed a motion for leave to file an opposition to the State's motion to dismiss. Boyle's motion did not attempt to justify his untimeliness but merely offered his reasoning in opposition.

{¶ 7} On June 26, 2024, the trial court granted the State's motion to dismiss for failure to state a claim. Boyle timely appeals, pro se, and raises a single assignment of error.

## II. Declaratory Judgment

{¶ 8} Boyle's sole assignment of error states:

The trial court denied appellant substantial due process and equal protection of law under the 5th, 6th, and 14th Amendments to the United States Constitutions where the trial court's actions in recasting appellant's request for declaratory judgment into a collateral attack on his conviction was an act of/or demonstration of judicial bias.

{¶ 9} "A common pleas court generally has the power under the Declaratory Judgments Act to 'declare rights, status, and other legal relations,' and its 'declaration has the effect of a final judgment or decree.' " *Lingo v. State*, 2014-Ohio-1052, ¶ 42, quoting R.C. 2721.02(A). "[F]or declaratory relief to be considered an appropriate remedy, the plaintiff must establish the following three essential elements: (1) that a real controversy exists between the parties; (2) that the controversy is justiciable in nature; and (3) that the particular situation is one in which speedy relief is necessary to preserve

the rights of the parties." *Logan v. Champaign Cty. Bd. of Elections*, 2023-Ohio-4688, ¶ 21 (2d Dist.). If a party fails to establish any one of the requisite elements, the court must dismiss the cause. *Moore v. Middletown*, 2012-Ohio-3897, ¶ 49.

**{¶ 10}** "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint." *Sheldon v. Kettering Health Network*, 2015-Ohio-3268, ¶ 5 (2d Dist.). An appellate court's review of a trial court's decision granting a Civ.R. 12(B)(6) motion is de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. However, "[j]usticiability is a threshold requirement for a declaratory judgment." *Browne v. Artex Oil Co.*, 2019-Ohio-4809, ¶ 44, citing *Arnott v. Arnott*, 2012-Ohio-3208, ¶ 10. We review a trial court's decision regarding justiciability of a declaratory judgment action for an abuse of discretion. *Arnott* at ¶ 13. An "abuse of discretion" implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "[O]nce a trial court determines that a matter is appropriate for declaratory judgment, its holdings regarding questions of law are reviewed on a de novo basis." *Arnott* at ¶ 13.

**{¶ 11}** In dismissing Boyle's complaint, the trial court concluded that the complaint for declaratory judgment constituted an impermissible collateral attack on a judgment issued in Boyle's criminal case. Accordingly, the trial court dismissed Boyle's complaint for failure to state a claim upon which relief could be granted because "a declaratory judgment action is not the appropriate vehicle for Boyle to obtain the relief he seeks." Judgment Entry (Feb. 20, 2025), p. 3. We agree with the trial court.

{¶ 12} A collateral attack is " 'an attempt to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment is involved.' " *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision*, 85 Ohio St.3d 609, 611 (1999), quoting *Kingsborough v. Tousley*, 56 Ohio St. 450, 458 (1897). "The objective of a collateral attack is to modify a previous judgment because it is allegedly ineffective or flawed for some fundamental reason." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 19. Collateral attacks are disfavored and may succeed only in certain very limited situations. *Id*. at ¶ 22.

{¶ 13} "While a declaratory judgment action can be used prospectively to determine the validity, construction, and application of criminal statutes, it cannot be used to collaterally attack criminal convictions and sentences." *Patterson v. State*, 2024-Ohio-5704, ¶ 19 (2d Dist.), citing *Knuckles v. State*, 2019-Ohio-1079, ¶ 7 (10th Dist.). Where a complaint for declaratory judgment is filed to collaterally attack a criminal conviction, it does not pose a justiciable controversy and should be dismissed. *State ex rel. Jones v. Tyack*, 2024-Ohio-4978, ¶ 16 (10th Dist.).

{¶ 14} Boyle argues that his complaint posed questions to the trial court that were appropriate for declaratory judgment. However, what Boyle sought to obtain from the trial court was a judgment concluding that his criminal indictment had been defective and that his trial counsel had been ineffective for allowing him to plead guilty to a defective indictment. Despite Boyle's protestations to the contrary, it is clear that the issues presented in Boyle's complaint amount to an attempt to relitigate postconviction motions or otherwise raise new errors of law that are alleged to have been committed in Boyle's

criminal proceedings. This is a collateral attack on his criminal conviction, which may not be raised in a declaratory judgment proceeding. "Although the purpose of the [Declaratory Judgments Act] is to declare rights in the face of uncertainty, it is well settled that declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated." *Lingo*, 2014-Ohio-1052, at ¶ 44, citing *Clark v. Memolo*, 174 F.2d 978, 981 (D.C.Cir. 1949); *Olney v. Ohio*, 341 F.2d 913 (6th Cir. 1965); *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966); *Wilson v. Collins*, 2010-Ohio-6538, ¶ 9 (10th Dist.); *State v. Brooks*, 133 Ohio App.3d 521, 525 (4th Dist. 1999); *Moore v. Mason*, 2004-Ohio-1188, ¶ 14 (8th Dist.); *Gotel v. Ganshiemer*, 2009-Ohio-5423, ¶ 44 (11th Dist.); *Burge v. Ohio Atty. Gen.*, 2011-Ohio-3997, ¶ 10 (10th Dist.). "For direct and collateral attacks alike, declaratory judgment is simply not a part of the criminal appellate or postconviction review process." *Id.*, citing *Wilson* at ¶ 9; *Brooks* at 525-526; *Moore* at ¶ 14; *Gotel* at ¶ 44. "Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through postconviction petitions, habeas corpus, and motions to vacate." *Id.*, citing *Ohio Pyro, Inc.*, 2007-Ohio-5024, at ¶ 20. "Regardless of the character or severity of an error in a judgment entry, and regardless of whether that error renders the judgment void or voidable, the criminal appellate and postconviction review processes remain the sole avenues for redress." *Id.* at ¶ 45.

{¶ 15} Boyle stated that his complaint "was merely seeking clarification of a specific law enacted by the Ohio legislatures and whether or not the court's interpretation of said law was constitutionally applied correctly if at all in the case at bar." Appellant's

Brief, p. 3. The "case at bar" is his 2013 criminal case, and the "clarification" concerns the validity of his indictment. Any challenge to whether the trial court interpreted or applied the law correctly in his criminal case could or should have been challenged in a direct appeal or petition for postconviction relief. Notably, Boyle has previously challenged the validity of his 2013 criminal indictment on more than one occasion, and it has been upheld by the trial court and affirmed on appeal. *See State v. Boyle*, 2018-Ohio-3284 (2d Dist.) (affirming the trial court's denial of Boyle's post-conviction motion alleging a defect in his indictment); *Boyle*, 2023-Ohio-3390 (2d Dist.) (affirming the trial court's denial of Boyle's post-conviction motion challenging the validity of his conviction and sentence). By requesting that the trial court declare his criminal indictment unconstitutional and his trial counsel ineffective, Boyle's complaint can be characterized no other way than as an impermissible collateral attack. A complaint for declaratory judgment under these circumstances was not proper. As such, we conclude the complaint did not present a justiciable controversy capable of resolution by declaration under the declaratory judgment act and, therefore, it was properly dismissed.

{¶ 16} Finally, to the extent Boyle alleges judicial bias, we reject his contentions. "Judicial bias has been described as 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *State v. Dean*, 2010-Ohio-5070, ¶ 48, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus.

**{¶ 17}** Boyle bases his bias claim solely on the fact that the trial court recast his complaint without purportedly allowing him an opportunity to respond. Contrary to Boyle's contention, the trial court did not recast his complaint but rather found that it failed to state a claim upon which relief could be granted. The trial court's dismissal of Boyle's complaint did not display bias.

**{¶ 18}** Having reviewed Boyle's complaint, we conclude that Boyle was attempting to use a declaratory judgment to collaterally attack a prior valid order of a court in his criminal case and, as such, Boyle did not present a justiciable controversy capable of resolution by declaration under the declaratory judgment act. Accordingly, the trial court did not abuse its discretion in dismissing Boyle's complaint for declaratory judgment.

**{¶ 19}** The sole assignment of error is overruled.

### III.    Conclusion

**{¶ 20}** Having overruled the assignment of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.